IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELANESE CORPORATION, | § | |
| | § | |
| Plaintiff | § | Civil Action No. _____ |
| | § | |
| vs. | § | [State Court Case No. DC-14-11709] |
| | § | |
| ONEBEACON AMERICA | § | |
| INSURANCE COMPANY AND | § | |
| RESOLUTE MANAGEMENT, INC., | § | |
| | § | |
| Defendants. | § | |

---

# NOTICE OF REMOVAL

---

GARDERE WYNNE SEWELL LLP

Robert M. Hoffman
State Bar No. 09788200
Ruth Sarah Lee
State Bar No. 24090227
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone:      214-999-4707
Facsimile:      214-999-3707
rhoffman@gardere.com
rlee@gardere.com

ATTORNEYS FOR DEFENDANTS
ONEBEACON AMERICA INSURANCE
COMPANY AND RESOLUTE
MANAGEMENT, INC.

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................1

    A.   Procedural History — This Case was Timely Removed .........................1

    B.   Brief Overview of the Petition.................................................................2

    C.   Resolute Has Already Been Found to be OneBeacon's Agent................3

III.  GROUNDS FOR REMOVAL.................................................................................4

    A.   Citizenship of the Parties ........................................................................4

    B.   Defendants' Right to Remove is Not Defeated by Plaintiff's Fraudulent Joinder ..5

        1.   An Agent Acting Within the Scope of its Authority Cannot Tortiously Interfere with its Principal's Contract as a Matter of Law, As Plaintiff Knows ...........................................................................................6

        2.   Collateral Estoppel and Case Precedent Establish that Resolute is an Agent of OneBeacon..................................................................................9

    C.   Amount in Controversy..........................................................................14

    D.   Venue .....................................................................................................14

IV.   JOINDER/CONSENT OF ALL DEFENDANTS ................................................15

V.    NOTICE AND RESERVATION OF RIGHTS ...................................................15

VI.   CONCLUSION....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ACS Investors, Inc. v. McLaughlin,*
    943 S.W.2d 426 (Tex.1997)............................................................6

*Automatic Findings, Inc. v. Miller,*
    648 N.Y.S.2d 90 (N.Y. App. Div. 1996) ...............................................6

*Brown v. State Farm Fire and Cas. Co.,*
    58 P.3d 217 (Okla. Civ. App. 2002) .................................................6

*Burden v. General Dynamic Corp.,*
    60 F.3d 213 (5th Cir. 1995) ........................................................5

*Carriere v. Sears, Roebuck & Co.,*
    893 F.2d 98 (5th Cir. 1990) .......................................................11

*Celanese Corp. v. OneBeacon Am. Ins. Co., et al.,*
    No. 06-1625-BLS2 (Mass. Super. Ct. 2009) ....................................3, 9, 10, 13, 14

*Custom Blending Int'l v. E.I. DuPont De Nemours & Co.,*
    958 F.Supp. 288 (S.D. Tex. 1997).....................................................5

*Devash LLC v. German Am. Capital Corp.,*
    104 A.D.3d 71 (N.Y. App. Div. 2013) .................................................6

*In re Estate of Albergo,*
    656 N.E.2d 97 (Ill. App. 1995) .......................................................6

*Fuller-Austin Insulation Co. v. Fireman's Fund Ins. Co., et al.,*
    Case No. BC116835 (Cal. Super. Ct. 2009) ...........................................13

*Grupo Dataflux v. Atlas Global Grp., L.P.,*
    541 U.S. 567 (2004)..................................................................4

*Holloway v. Skinner,*
    898 S.W.2d 793 (Tex.1995)...........................................................6

*Hornbuckle v. State Farm Lloyds,*
    385 F.3d 538 (5th Cir. 2004) ........................................................7

*John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst,*
    90 S.W.3d 268 (Tex. 2002)...........................................................10

*Latch v. Gratty, Inc.,*
    107 S.W.3d 543 (Tex. 2003)................................................................6

*Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.,*
    No. CIV.A. H-09-3828, 2010 WL 1996596 (S.D. Tex. May 17, 2010)....................................7

*Oliva v. Chrysler Corp.,*
    978 F.Supp. 685 (S.D. Tex. 1997)........................................................5

*OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co., et al.,*
    2014 NY Slip Op. 07315 (N.Y. App. Div. 2014) (Slip Op.)................................3, 11

*Parks v. New York Times Co.,*
    308 F.2d 474 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1967)..............................5

*Powell Indus., Inc. v. Allen,*
    985 S.W.2d 455 (Tex.1998) (per curiam).......................................................6

*Rodriguez v. Casa Chapa S.A., de C.V.,*
    394 F.Supp.2d 901 (W.D. Tex. 2005).........................................................5

*Ross v. Citifinancial, Inc.,*
    344 F.3d 458 (5th Cir. 2003) ..........................................................11

*Sysco Food Servs., Inc. v. Trapnell,*
    890 S.W.2d 796 (Tex. 1994)........................................................9, 10

*Tedder v. FMC Corp.,*
    590 F.2d 115 (5th Cir. 1979) ..........................................................5

*Traum v. Equitable Life Assur. Soc. Of the U.S.,*
    240 F. Supp. 2d 776 (N.D. Ill. 2002) .....................................................6

*Waters v. State Farm Mutual Automobile Ins. Co.,*
    158 F.R.D. 107 (S.D.Tex.1994)........................................................7

**STATUTES**

28 U.S.C. §§ 1332................................................................4, 14

28 U.S.C. §§ 1441................................................................1, 4

28 U.S.C. § 1446................................................................2, 15

Texas Deceptive Trade Practices Act § 17.46 ..................................................2

TEXAS INSURANCE CODE § 541 ..................................................2

iii

**OTHER AUTHORITIES**

Rule 81.1(a)...................................................................................................................15

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants OneBeacon America Insurance Company ("OneBeacon") and Resolute Management, Inc. ("Resolute") hereby file this Notice of Removal to remove this action from the 68th District Court of Dallas County, Texas (Honorable Martin Hoffman presiding).

## I. INTRODUCTION

Plaintiff Celanese Corporation filed this action on or about October 2, 2014, in the 68th District Court of Dallas County, Texas, styled *Celanese Corporation v. OneBeacon America Insurance Company and Resolute Management, Inc.*," and bearing Cause No. DC-14-11709. True and correct copies of the Original Petition ("Petition") and Civil Case Information Sheet are attached hereto as Exhibit A.

This Court has diversity jurisdiction over this lawsuit because Plaintiff Celanese (a Delaware corporation with its principal place of business in Texas) and Defendant OneBeacon (a Pennsylvania corporation with its principal place of business in Minnesota) are completely diverse parties. Defendant Resolute (a Delaware corporation with its principal place of business in Nebraska) is disregarded under 28 U.S.C. § 1441 because it was fraudulently joined. Further, this case was timely removed, the amount in controversy requirement is satisfied, and all Defendants consent to the removal.

## II. BACKGROUND

### A.      Procedural History — This Case was Timely Removed

Plaintiff effected service of process on Defendant OneBeacon on October 14, 2014.[1] Plaintiff effected service of process on Defendant Resolute on October 29, 2014.[2] This Notice of Removal is therefore filed well within thirty (30) days after service of process occurred, and is

---

[1] Exhibit B (State Court "Register of Actions" Docket Sheet).

[2] Exhibit C (October 29, 2014, email from Resolute's counsel agreeing to accept service for Resolute).

filed within one year of the filing of the Petition.  Thus, removal is timely under 29 U.S.C. § 1446(b).

## B.    Brief Overview of the Petition

In its Petition, Plaintiff seeks a declaratory judgment against OneBeacon in connection with certain insurance policies that are over forty years old, and which were issued and delivered to Plaintiff in New York ("Liability Insurance Policies").[3]  Plaintiff claims Defendant OneBeacon owes it reimbursement of indemnity and/or costs of defense allegedly incurred in connection with a series of unidentified bodily injury lawsuits.[4]  In addition, Plaintiff seeks damages from Defendant OneBeacon for alleged breach of contract,[5] violations of Chapter 541 of the Texas Insurance Code generally,[6] violations of Texas Insurance Code § 541.151 based on violations of the Texas Deceptive Trade Practices Act § 17.46,[7] and breach of the common law duty of good faith and fair dealing.[8]

Plaintiff asserts only one claim against Defendant Resolute; to-wit, tortious interference with the Liability Insurance Policies between Plaintiff and Defendant OneBeacon.[9]  Given that an agent acting within course and scope cannot interfere with its principal's contracts, Plaintiff's tortious interference claim is premised on a single fraudulent statement made for the sole purpose of destroying diversity: "For purposes of this Cause of Action, Resolute is **not** an agent of OneBeacon."[10]  (Emphasis in original.)  This conclusory statement is directly contradicted by

---

[3] *See* Exhibit A, Exhibits 1 – 8 to Plaintiff's Petition.

[4] Exhibit A, Petition at ¶¶ 23-25.

[5] *Id.* at ¶¶ 26-29.

[6] *Id.* at ¶¶ 35-40.

[7] *Id.* at ¶¶ 41-45.

[8] *Id.* at ¶¶ 46-49.

[9] *Id.* at ¶¶ 30-34.

[10] *Id.* at ¶ 32.

NOTICE OF REMOVAL                                                                        PAGE 2

several opposing statements made by Plaintiff in its Petition.  For instance, Plaintiff describes Resolute "as a 'third party administrator' that handles, administers, makes coverage decisions and 'processes' insurance claims for insurance companies including, without limitation, OneBeacon."[11]  Plaintiff also notes: "Except as expressly stated otherwise herein, in performing the acts complained of herein, Resolute was and is, the duly authorized agent of OneBeacon, acting within the course and scope of such agency with the full knowledge and informed consent of OneBeacon."[12]

## C.  Resolute Has Already Been Found to be OneBeacon's Agent

As adjuster of the claims that are the subject of Plaintiff's lawsuit, Resolute *is* of course an agent of OneBeacon—as Plaintiff concedes in its Petition at ¶ 4.  Courts in three different states have already made explicit rulings about Resolute, holding that in its role as third party administrator, Resolute is a subagent of the insurer.[13]  In fact, two of these courts specifically disposed of similar tortious interference claims involving Resolute and OneBeacon, on the basis that Resolute is an agent of OneBeacon.[14]  Plaintiff was a party to one of these cases and is therefore bound by the case determination through collateral estoppel.

Because Plaintiff has asserted only *one* Count against Resolute, premised on an assertion Plaintiff *knows* from previous rulings to be wrong, it is clear that Plaintiff fraudulently joined Defendant Resolute solely to defeat complete diversity.

---

[11] *Id.* at ¶ 4.

[12] *Id.*

[13] *Celanese Corp. v. OneBeacon Am. Ins. Co., et al.,* No. 06-1625-BLS2 (Mass. Super. Ct. 2009) (Memorandum On Final Judgment) (attached hereto as Exhibit D) ("Massachusetts Ruling"); *OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co., et al.,* 2014 NY Slip Op. 07315 (N.Y. App. Div. 2014) (Slip Op.) (attached hereto as Exhibit E) ("New York Ruling"); *Navistar Inc. v. Affiliated FM Insurance Company, et al.,* Action No. 09 CH 20384, in the Circuit Court of Cook County, Illinois, Chancery Division, Honorable Rita Novak presiding (Feb. 29, 2012) (attached hereto as Exhibit F) ("Illinois Ruling").

[14] *See* explanation in Part III.B.2, *infra.*

### III. GROUNDS FOR REMOVAL

Removal is proper in this case pursuant to 28 U.S.C. §§ 1332 and 1441. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different states. . . ." 28 U.S.C. § 1332(a). Removal is proper in this action because the amount in controversy exceeds $75,000 and because complete diversity exists between the permissible parties.

### A.    Citizenship of the Parties

At the time this lawsuit was filed and presently, the citizenship of all parties to this action is as follows. Defendant OneBeacon is a corporation currently organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Minnesota.[15] Although it was a citizen of New York at the time the Liability Policies issued, today Plaintiff is a corporation organized under the laws of the State of Delaware, with its principal place of business in Texas.[16] Defendant Resolute is a corporation organized under the laws of the State of Delaware, with its principal place of business in Omaha, Nebraska. Since Resolute and Plaintiff are both citizens of Delaware, Plaintiff's joinder of Resolute for alleged interference

---

[15] In Paragraph 3 of the Petition, Celanese states that OneBeacon is organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts. It is true that prior to its re-domestication in Pennsylvania in 2013, OneBeacon was organized under the laws of the Commonwealth of Massachusetts. However, diversity is determined at the time of filing. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

[16] Exhibit A, Petition at ¶2.

with its principal's insurance policies will defeat diversity jurisdiction unless such joinder is found to be fraudulent.

**B.      Defendants' Right to Remove is Not Defeated by Plaintiff's Fraudulent Joinder**

Because Defendant Resolute was fraudulently joined, its citizenship is not relevant to the diversity of citizenship inquiry. *Tedder v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir. 1979); *see also Custom Blending Int'l v. E.I. DuPont De Nemours & Co.*, 958 F.Supp. 288, 290 (S.D. Tex. 1997) (disregarding defendant for diversity jurisdiction purposes where he was determined to be fraudulently joined); *Oliva v. Chrysler Corp.*, 978 F.Supp. 685, 689 (S.D. Tex. 1997).

Fraudulent joinder exists if the plaintiff names a non-diverse party as a defendant solely for the purposes of depriving the court of jurisdiction. *See e.g. Rodriguez v. Casa Chapa S.A., de C.V.*, 394 F.Supp.2d 901 (W.D. Tex. 2005) (determining party was fraudulently joined to defeat diversity jurisdiction); *Tedder*, 590 F.2d at 117.

When determining whether a defendant has been fraudulently joined in order to defeat diversity jurisdiction, the court may consider whether, as a matter of law, there is a reasonable basis for predicting that the plaintiff might establish liability against a named defendant in state court. *Burden v. General Dynamic Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).  Joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the Defendant's liability could not possibly create such liability, such that the assertion of the cause of action is plainly a sham and frivolous. *See Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1967). Based on collateral estoppel and undisputed facts, there is no possibility that Plaintiff could prevail on Plaintiff's tortious interference claim against Resolute.

1.   <u>An Agent Acting Within the Scope of its Authority Cannot Tortiously Interfere</u>
     <u>with its Principal's Contract as a Matter of Law, As Plaintiff Knows</u>

As discussed below, under the doctrine of collateral estoppel Resolute is an agent of

OneBeacon.  This means that Plaintiff's tortious interference cause of action cannot prevail as a

matter of law.  "It is well settled that an agent cannot be held liable for inducing its principal to

breach a contract with a third person, at least where it is acting on behalf of its principal and

within the scope of its authority."  *Devash LLC v. German Am. Capital Corp.*, 104 A.D.3d 71, 79

(N.Y. App. Div. 2013) (citations omitted).  In explaining this longstanding rule more fully, the

Texas Supreme Court held:

> The acts of a corporate agent on behalf of his or her principal are ordinarily
> deemed to be the corporation's acts. *Holloway v. Skinner*, 898 S.W.2d 793, 795
> (Tex.1995). To show that an agent has interfered with his or her principal's
> contract, the plaintiff must prove the agent acted solely "in furtherance of [his or
> her] personal interests so as to preserve the logically necessary rule that a party
> cannot tortiously interfere with its own contract." *Id.* at 796. Thus, agents are not
> liable for tortious interference with their principals' contracts merely because they
> have mixed motives to benefit both themselves and their principals. *ACS
> Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 432 (Tex.1997). Rather, the
> plaintiff meets his or her burden by proving the agent acted "so contrary to the
> corporation's interests that his or her actions could only have been motivated by
> personal interest." *Id.* Furthermore, an agent cannot be held to have acted against
> the principal's interests unless the principal has objected. *Powell Indus., Inc. v.
> Allen,* 985 S.W.2d 455, 457 (Tex.1998) (per curiam).

*Latch v. Gratty, Inc.*, 107 S.W.3d 543, 545 (Tex. 2003).  *See also Traum v. Equitable Life Assur.*

*Soc. Of the U.S.*, 240 F. Supp. 2d 776, 792 (N.D. Ill. 2002) (dismissing insured's interference

claim against insurance claim administrator, when evidence did not show that administrator

acted wholly in its own interests and contrary to the insurer's interests).[17]

---

[17] This is a widely established concept in agency law. *See Brown v. State Farm Fire and Cas. Co.*, 58 P.3d 217, 223
(Okla. Civ. App. 2002) (holding that an independent adjuster that investigated fire at insured's property was
privileged, as insurer's agent, against claim of tortious interference in absence of evidence that adjuster acted outside
of authority or engaged in predatory activity or self-dealing); *Automatic Findings, Inc. v. Miller*, 648 N.Y.S.2d 90,
90 (N.Y. App. Div. 1996) (dismissing on summary judgment an interference claim against investigators in absence
of evidence that investigators had intent to induce breach or to act in self-interest, or engaged in predatory acts, self-
dealing, or other tortious conduct); *In re Estate of Albergo*, 656 N.E.2d 97, 104-05 (Ill. App. 1995) (holding that a

Plaintiff is apparently familiar with this well-known legal concept, which is ostensibly why it alleges the following to destroy diversity: "For the purposes of this Cause of Action, Resolute is **not** the agent of OneBeacon." But at the same time, in order to establish an insurance claim through the actions of Resolute on OneBeacon's behalf, Plaintiff states: "Except as expressly stated otherwise herein, in performing the acts complained of herein, Resolute was, and is, the duly authorized agent of OneBeacon, acting within the course and scope of such agency with the full knowledge and informed consent of OneBeacon."[18] It is as if Plaintiff asserted: "Except for the sole purpose of destroying diversity jurisdiction, in performing the acts complained of herein, Resolute was and is, the duly authorized agent of OneBeacon, acting within the course and scope of such agency with the full knowledge and informed consent of OneBeacon."

Alleging that Resolute is and is not OneBeacon's agent cannot merely be chocked up to alternative pleadings. In Count 3—the tortious interference count against Resolute—Plaintiff's statement is conclusory: "For purposes of this Cause of Action, Resolute is **not** the agent of OneBeacon."[19] Nothing more is said on the subject. There are two interrelated reasons why this single statement is of no consequence or effect. **First**, it is conclusory on its face, and conclusory statements must be disregarded in determining fraudulent joinder.[20] **Second**, the

---

hospital's claim against hospital bill review service for interference with insurance contract barred by privilege for providing honest advice; financial stake in providing advice immaterial).

[18] Exhibit A, Petition at ¶ 32.

[19] Exhibit A, Petition at ¶ 32.

[20] "[A]s with a summary judgment proceeding 'conclusory allegation' is insufficient to preclude fraudulent joinder removal." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (citation omitted). "[T]his Court [has] held that such conclusory allegations without factual basis are insufficient to state a claim against a non-diverse defendant and constitute fraudulent joinder." *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, No. CIV.A. H-09-3828, 2010 WL 1996596, at *7 (S.D. Tex. May 17, 2010) (citing *Waters v. State Farm Mutual Automobile Ins. Co.*, 158 F.R.D. 107, 109 (S.D.Tex.1994)).

panoply of facts pled by Plaintiff completely overwhelm and belie this conclusory statement.

Quoting directly from Plaintiff's Petition:

> 15.    In 2012, pursuant to the terms of the Liability Insurance Policies and applicable law, Celanese made requests for indemnity for the Liability Suits to OneBeacon *through its claims handler, Resolute*.  Since 2012, Celanese has made several follow-up requests to Resolute.[21]  (Emphasis added.)

> 16.    *Resolute, ostensibly on behalf of OneBeacon*, has failed and refused, and continues to fail and refuse, to pay or reimburse Celanese all or any part of the tendered indemnity costs for the Liability Suits, or to provide any explanation or justification for the refusal to pay.[22]  (Emphasis added.)

> 19.    Throughout the time period relevant here, *Resolute assumed responsibility as the "third party administrator" for claims for bodily injury asserted against OneBeacon policyholders*.  This was done without the consent of Celanese.  Resolute now performs the roles that more suitably, and traditionally, had been performed by OneBeacon, including (i) identifying and retaining defense counsel, and approving payment of defense costs incurred by OneBeacon policyholders, including Celanese; (ii) approving settlement of claims asserted against OneBeacon policyholders, including Celanese; and (iii) paying settlement expenses on behalf of Commercial Union policyholders, including Celanese.[23] (Emphasis added.)

> 20.    On information and belief, Resolute also took control over the following business operations of OneBeacon:

> - *Resolute is responsible for commencing, conducting, defending, pursuing, prosecuting, settling, appealing or compromising claims and litigation filed by OneBeacon policyholders, such as Celanese, against OneBeacon.*

> - *Resolute is responsible for developing and implementing all of OneBeacon's strategic decisions in addressing issues raised by its policyholders, such as Celanese.*

> - *Resolute is responsible for hiring the attorneys to represent OneBeacon in coverage litigation with its policyholders, such as Celanese.*

---

[21] Exhibit A, Petition at ¶ 15.

[22] Exhibit A, Petition at ¶ 16.

[23] Exhibit A, Petition at ¶ 19.

- *Resolute is responsible for deciding whether, and for what amount, OneBeacon will resolve claims asserted against it by policyholders, such as Celanese.*

- *Resolute is responsible for deciding whether, and to what extent, OneBeacon will assert contribution or subrogation rights against other insurance companies.*[24]  (Emphasis added.)

Specific facts pled by Plaintiff trump a single conclusory sentence inserted by Plaintiff to destroy diversity.

2.     <u>Collateral Estoppel and Case Precedent Establish that Resolute is an Agent of OneBeacon.</u>

Court decisions involving Celanese and/or similar facts establish that Resolute is OneBeacon's agent. **First,** collateral estoppel bars Plaintiff from even asserting that Resolute is not OneBeacon's agent in administering Plaintiff's claims. "The doctrine of collateral estoppel or issue preclusion is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

In a 2009 Massachusetts lawsuit between the same parties in the present lawsuit—Plaintiff Celanese, Defendant OneBeacon, and Defendant Resolute—a Special Jury Verdict answered in the affirmative that "*Resolute proved by a preponderance of the evidence that, as an agent of OneBeacon for purposes of administering Celanese's claims for reimbursement of defense costs under the OneBeacon insurance policies. . . Resolute acted within the scope of its agency and not maliciously.*"[25]  Based on this Special Jury Verdict, the Court issued a Final Judgment (the "Massachusetts Ruling") in favor of Resolute on the count of tortious

---

[24] Exhibit A, Petition, at ¶ 20.

[25] *Celanese Corp. v. OneBeacon Am. Ins. Co., et al.,* No. 06-1625-BLS2, at *6 (Mass. Super. Ct. 2009) (Special Jury Verdict) (attached hereto as Exhibit G) ("Massachusetts Special Jury Verdict").

interference: "In view of the jury's answer to Q. 21 of the Special Jury Verdict, judgment will enter for Resolute as to this count [of Tortious Interference with Contract]."[26]

The Massachusetts Ruling serves as collateral estoppel to bar Plaintiff's current assertion that "[f]or purposes of this Cause of Action, Resolute is **not** an agent of OneBeacon." [27] (Emphasis in original.)  Under Texas law, collateral estoppel bars a claim if: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action."[28]  Here, all three elements clearly apply to the Massachusetts Ruling:

1.  The Court submitted the special questions to the jury after trial, and made a final judgment based on those answers;[29]

2.  The fact of Resolute's agency was essential to the Massachusetts Ruling because Celanese's claim for tortious interference with contractual relations was *resolved* on that basis;[30] and

3.  The exact same parties in the instant lawsuit were cast as adversaries in the Massachusetts Ruling.[31]

Hence, collateral estoppel bars Celanese, the Plaintiff in the Massachusetts Ruling, from coming to Texas so it can again maintain that Resolute is not OneBeacon's agent.

**Second**, other courts have unequivocally arrived at the same conclusion.  For example, in New York, one of OneBeacon's insureds asserted a counterclaim against Resolute for tortious

---

[26] *See* Exhibit D (Massachusetts Ruling) at *5.

[27] Exhibit A, Petition at ¶ 32.

[28] *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

[29] *See* Exhibit D (Massachusetts Ruling) at *1 ("Following trial of this action, the Court submitted to the jury, upon special questions, the claims stated. . . .").

[30] *See* Exhibit G (Massachusetts Special Jury Verdict) at *6; Exhibit D (Massachusetts Ruling) at *5.

[31] *See* Exhibit D (Massachusetts Ruling) at *1.

interference with OneBeacon's insurance contract.[32]  The Appellate Division dismissed the claim against Resolute:

> The remaining claims against Resolute should also be dismissed.  *No claim for tortious interference is stated because, in performing the complained-of acts, Resolute acted as a designated agent, and no action for tortious interference can lie against an agent acting within the scope of its duties on behalf of the principal.* An agency relationship existed because NICO [National Indemnity Company] is OneBeacon's agent with respect to the Policies and, *under the Services Agreement*, OneBeacon authorized NICO to appoint agents to perform NICO's obligations under the contract.  Thus NICO appointed Resolute as OneBeacon's agent.[33]

In the instant action, Plaintiff raises the same facts; to wit, National Indemnity Company ("NICO") is Resolute's parent company and has reinsured OneBeacon against liability:

> Resolute has 'handled' OneBeacon claims in a manner whose [sic] the sole purpose is to delay payment of millions of dollars, so that its parent National Indemnity Company would not have to pay out some of their reinsurance funds owed for OneBeacon losses.[34]

What Plaintiff is referring to is that under an Aggregate Loss Portfolio Reinsurance Agreement[35] and Administrative Services Agreement,[36] NICO agreed to reinsure OneBeacon's long tail claims exposure and OneBeacon appointed NICO as its claims administrator for the reinsured policies, including those issued to Celanese.  This fact is well known to Plaintiff, as Plaintiff implicitly describes the relationship between NICO and OneBeacon in paragraph 21 of

---

[32] Exhibit E (New York Ruling) at *6.

[33] *Id.* at *10-11.  (Citations omitted.)

[34] Exhibit A, Petition at ¶ 21.

[35] *See* Exhibit H (Aggregate Loss Portfolio Reinsurance Agreement) at § 4.1.  It is well-established that in the Fifth Circuit, Courts look at extrinsic evidence in addition to pleadings to decide fraudulent joinder claims.  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003) ("For fraudulent joinder vel non, it is well established that the district court may 'pierce the pleadings' and consider summary judgment-type evidence."); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) ("In short, this circuit treats fraudulent joinder claims as capable of summary determination. When determining fraudulent joinder, the district court may look to the facts as established by summary judgment evidence as well as the controlling state law.").

[36] Exhibit I (Administrative Services Agreement).  *See also* Exhibit J (Addendum to Administrative Services Agreement).

its Petition: ". . . so that its parent National Indemnity Company would not have to pay out some of the reinsurance funds owed for OneBeacon losses." In fact, Plaintiff would have no reason to mention NICO in its Petition unless it was well aware of NICO's reinsurance and claims-administration function with respect to OneBeacon's long tail claims exposure, including the claims against Celanese referred to in this lawsuit. NICO, in turn, has delegated the administration of such claims to Resolute.[37] Thus, under the same facts giving rise to Plaintiff's claims herein, the Appellate Division in New York dismissed as a matter of law a similar tortious interference claim against Resolute.

As the New York Court stated unambiguously, under the Agreements referred to above, Defendant Resolute serves as an agent of OneBeacon. Furthermore, Plaintiff has not alleged any facts suggesting that Resolute acted purely in its own interests as opposed to the interests of its principals, NICO and OneBeacon.

In another similar lawsuit in Illinois, the court likewise dismissed a policyholder's claim that NICO and Resolute interfered with the policyholder's contract with OneBeacon:

> Navistar alleges that the NICO Defendants [consisting of NICO and Resolute] consciously interfered with the claim handling procedure with certain insured defendants' policies and such a structure relieves certain insurers of their own obligation and makes payment dependent on NICO Defendants who only make money if they can delay payments long enough to obtain a return on their invested funds before paying off the claims. With these allegations, Navistar essentially contends that this situation falls within the exception to the [tortious interference] privilege, that is, that an agent acts solely for its own gain and therefore asserts that it has overcome the exception to the privilege. In the court's view, these allegations do not meet that standard. As indicated, the contracts provide the NICO will indemnify the certain insuring defendants for coverage losses up the limits of liability arising out of the insurance agreements. Although Navistar

---

[37] The Administrative Services Agreement between NICO and OneBeacon allowed NICO to delegate duties to sub-agents. *See* Exhibit I (Administrative Services Agreement) at §4.4 ("The Administrator shall be entitled, for its own account and in its own responsibility to employ and pay sub-agents or contractors in any part of the world to perform or co-operate in performing any of the Run-Off Functions (or performing any of the Administrator's other obligations under this Agreement). . . ."). NICO delegated such §4.4 functions to Resolute pursuant to an Intercompany Service Agreement. *See* Exhibit K (2004 Intercompany Service Agreement).

contends that NICO liability will not reach the limits, this fact is unknowable at this stage in time and in much the same way that any future projections of risk remain up in the air. Plus, controlling the payments to reduce claims so that they fall within the limits of the reinsuring obligations benefits the certain insurance defendants as well as the reinsurers and, therefore, it does not support the proposition that NICO is acting solely for its own benefit. Therefore, I find that Count 4 also fails to state a cause of action, and I am granting the Motion to Dismiss.[38]

Similar assertions involving other Resolute clients have met the same dismissal fate. In a California case, the insured filed suit against numerous insurers including Stonewall Insurance Company, a Resolute client. Tortious interference claims were asserted against NICO and Resolute.[39] The Court sustained both NICO and Resolute' s demurrers with regard to that claim, because both were agents of Stonewall:

> Resolute, the claims servicer allegedly hired by NICO to service the [policies], demurs to the third cause of action for interference with contract. Resolute argues that the demurrer should be sustained because Resolute, as a third party claims servicer, was not a stranger to the [policies]. The 7AC [Seventh Amended Complaint] alleges that Resolute is NICO's agent. Given the above analysis finding that NICO cannot be liable for interference with the [policies], it follows that *Resolute, as an agent of NICO, similarly cannot be liable for interference with the policies.* The Court finds that Resolute is not a stranger to the policies and, accordingly, sustains the demurrer without leave to amend.[40]

Not only will Plaintiff's tortious interference claim fail, but Plaintiff *knows* it will fail. Plaintiff knows from taking part in the Massachusetts Ruling that Resolute has been established as an agent of OneBeacon in administering the policies,[41] and yet claims in its Petition that "[f]or the purposes of this Cause of Action, Resolute is **not** the agent of OneBeacon."[42] (Emphasis in

---

[38] Exhibit F, Illinois Ruling.

[39] *Fuller-Austin Insulation Co. v. Fireman's Fund Ins. Co., et al.,* Case No. BC116835 (Cal. Super. Ct. 2009) (Order) (attached hereto as Exhibit L) ("California Ruling") at *1-2.

[40] *Id.* at *7-8. Resolute also serves in an agency role as the third party claim administrator for certain claims against Stonewall Insurance Company.

[41] *See* Exhibit D (Massachusetts Ruling) at *5

[42] Exhibit A, Petition, at ¶¶ 32.

original.)  This is as disingenuous as any fraudulent joinder could be.  The Court should therefore not consider Resolute's residency for the purposes of complete diversity.

In sum, the Massachusetts Ruling completely bars the argument that Resolute is not an agent of OneBeacon because it meets the three requirements for collateral estoppel. Furthermore, the New York, California, and Illinois Rulings demonstrate three instances where Courts have held as a matter of law—and based on similar allegations made by Plaintiff herein— that Defendant Resolute acts as an agent on behalf of insurance companies, and not as a stranger to the insurance policies it serves, and therefore cannot be held liable for tortious interference with insurance contracts of its principals.  Therefore, it is abundantly clear that Plaintiff should not be permitted to maintain its unsupported, inexplicable, conclusory, and self-serving allegation that "[f]or the purposes of this Cause of Action, Resolute is **not** the agent of OneBeacon."[43]

## C.     Amount in Controversy

In its Petition, Plaintiff alleges that OneBeacon owes it "all or any part or portion of the over $6,871,500 paid and incurred by Celanese" in third-party lawsuits under the Liability Insurance Policies.[44]  Therefore, the monetary jurisdictional prerequisite to federal jurisdiction under 28 U.S.C. § 1332(a) is satisfied.

## D.     Venue

Venue is proper in this District and Division because they are "the district and division embracing" Dallas County, Texas.

---

[43] Exhibit A, Petition at ¶32.

[44] Exhibit A, Petition at ¶¶ 14, 17, 28.

## IV. JOINDER/CONSENT OF ALL DEFENDANTS

Defendants OneBeacon and Resolute join in and consent to the removal of the state court lawsuit to this Court.

## V. NOTICE AND RESERVATION OF RIGHTS

In accordance with 28 U.S.C. § 1446(a) and Rule 81.1(a) of the Local Rules for the United States District Court for the Northern District of Texas, attached as Exhibit M are copies of all known process, pleadings, orders served, docket entries, records, and proceedings filed in the state court action.

Defendants will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Dallas County, Texas, where the action is pending, and will serve such notice on Plaintiff Celanese as the only other party. 28 U.S.C. §§ 1446(a) & (d).

By filing this Notice of Removal, Defendants are not making a general appearance and are not waiving their right to raise any defense and/or ground for dismissal or right to seek the transfer of this matter to another district.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request this action be removed to this Court.

Respectfully submitted

GARDERE WYNNE SEWELL LLP

By: /s/ Robert M. Hoffman
    Robert M. Hoffman
    State Bar No. 09788200
    Ruth Sarah Lee
    State Bar No. 24090227
    1601 Elm Street, Suite 3000
    Dallas, Texas 75201
    Telephone:   214-999-4707
    Facsimile:   214-999-3707
    rhoffman@gardere.com
    rlee@gardere.com

ATTORNEYS FOR DEFENDANTS
ONEBEACON AMERICA INSURANCE
COMPANY AND RESOLUTE
MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2014, a true and correct copy of the above and foregoing document was filed with the Clerk of the Court and copies of the same have been provided by certified mail to the following:

Michael John Miguel
Kasowitz, Benson, Torres & Friedman LLP
2029 Century Park East, Suite 750
Los Angeles, CA 90067
Tel. (424) 288-7904
Fax. (310) 943-2239
mmiguel@kasowitz.com

/s/ Robert M. Hoffman
Robert M. Hoffman