IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELANESE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3985-L |
| | § | |
| ONEBEACON AMERICA INSURANCE | § | |
| COMPANY and RESOLUTE | § | |
| MANAGEMENT, INC., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Celanese Corporation has filed a Motion to Remand, *see* Dkt. No. 5, which United States District Judge Sam A. Lindsay has referred to the undersigned United States Magistrate Judge for recommendation, *see* Dkt. No. 22. Defendants OneBeacon America Insurance Company and Resolute Management, Inc. have responded, *see* Dkt. No. 14, and Plaintiff has filed a reply, *see* Dkt. No. 15. Judge Lindsay struck the parties' unauthorized supplemental briefs [Dkt. Nos. 16 & 17] and ordered that the Court will not consider either stricken document in ruling on this motion. *See* Dkt. No. 20.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that Defendants have failed to meet their heavy burden to show that Resolute Management, Inc. is an improperly joined defendant and, therefore, Plaintiff's Motion to Remand [Dkt. No. 5] should be granted.

## Background

Plaintiff Celanese Corporation ("Plaintiff" or "Celanese") filed this case against Defendants OneBeacon America Insurance Company ("OneBeacon") and Resolute Management, Inc. ("Resolute," and, collectively with OneBeacon, "Defendants") in Dallas County state court on October 2, 2014, *see* Dkt. No. 1-1, and Defendants then timely removed the case to this Court, *see* Dkt. No. 1. Plaintiff alleges several causes of action against OneBeacon but alleges only a cause of action against Resolute, for tortious interference with the Liability Insurance Policies between Plaintiff and OneBeacon. *See* Dkt. No. 1-1.

Defendants' Notice of Removal alleges that Plaintiff improperly joined Resolute in state court and that Resolute's citizenship may therefore be disregarded for purposes of establishing 28 U.S.C. § 1332 diversity jurisdiction over this case. *See* Dkt. No. 1 at 6-19 of 21. Plaintiff then filed a Motion for Remand asserting lack of subject matter jurisdiction. *See* Dkt. No. 5.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it

-2-

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), (b). Diversity jurisdiction requires that the parties be "citizens of different States." 28 U.S.C. § 1332(a)(1). A district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join [a non-diverse] party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575. A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v.*

*R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Thus, where there is no dispute or allegation of actual fraud concerning the fact that both plaintiff and a defendant are citizens of the same state, the "sole concern is whether, as a matter of law, [Plaintiff] has alleged a valid state-law cause of action against" the non-diverse defendant. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Under this second prong of the improper-joinder test, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood*, 385 F.3d at 573. But the United States Court of Appeals for the Fifth Circuit has further instructed that, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the [non-diverse] defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case," and "[t]he burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction." *Id.* at 573, 575.

Ordinarily, the court must conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendant. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion,

-4-

pierce the pleadings and conduct a summary inquiry." *Id.* But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574.

In making the improper-joinder determination, the Court will "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205–06 (5th Cir. 1983)).

The Texas "fair notice" pleading standard should be applied in determining whether a non-diverse defendant has been improperly joined. *See Durable Specialities, Inc. v. Liberty Ins. Corp.*, No. 3:11-cv-739-L, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011); *cf. Denson v. Beavex, Inc.*, ___ F. App'x ___, No. 14-20534, 2015 WL 2446720,

at *2 (5th Cir. May 22, 2015) (noting that "[t]he he parties dispute whether state or federal pleading standards apply when analyzing claims of improper joinder and, if the latter, the extent to which Texas Rule of Civil Procedure 91a modified the state's liberal pleading standard" but explaining that "[w]e need not resolve which standard applies because Denson did not possess a reasonable possibility of recovery against Montemayor under either standard"). Under the Texas Rules of Civil Procedure, a pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. *See* TEX. R. CIV. P. 45(b), 47(a). The goal is only to ensure that the opposing party gets sufficient information to supply fair and adequate notice of the facts on which the plaintiff bases the claim. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). But Texas also recently enacted Texas Rule of Civil Procedure 91a, which requires that allegations have a "basis in law and fact" and forbids consideration of evidence outside the pleadings and exhibits attached thereto. *See* TEX. R. CIV. P. 91a.1 ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded."), 91a.6 (mandating that "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by" the rules of civil procedure); *Dailey v. Thorpe*, 445 S.W.3d 785, 790 (Tex. App. – Houston

[1st Dist.] 2014, no pet.) (affirming the trial court's refusal to consider extrinsic evidence).

## Analysis

<u>Improper Joinder</u>

Defendants assert that assert that Plaintiff's state-court petition was fraudulent because Plaintiff's sole motivation for asserting a claim against Resolute was to defeat federal jurisdiction. *See* Dkt. No. 1 at 7 of 21, 12 of 21. But that does not amount to an allegation of actual fraud in the pleading of jurisdictional facts. Rather, Defendants' assertions simply attribute an improper motive to Plaintiff in suing Resolute. *See id.*; *accord* Dkt. No. 14 at 11 of 15. And "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Smallwood*, 385 F.3d at 574.

Rather, the alleged improper joinder here is properly addressed, under the second prong of the Fifth Circuit's test, by assessing whether Plaintiff is unable to establish a cause of action against Resolute in state court, which is the analysis on which resolving Plaintiff's Motion to Remand turns.

Plaintiff's petition raises only a single claim against Resolute for tortious interference with contract. *See* Dkt. No. 1-1 at 10 of 38. Plaintiff alleges that "Celanese has insurance contracts with OneBeacon"; that, "[p]ursuant to those contracts, OneBeacon is obligated to pay in full Celanese's legal liabilities, including all sums spent in judgment and settlements in connection with the Liability Suits"; that, "[o]n information and belief, Resolute has willfully and purposefully induced OneBeacon materially to breach each of the Liability Insurance Policies, for the sole benefit of Resolute, its owner and affiliates, including (without limitation) National Indemnity

Company and Berkshire Hathaway"; and that, "[a]s a direct and proximate cause of Resolute's tortious interference with Celanese's contracts, Celanese has suffered direct, indirect, consequential and incidental unliquidated damages in an amount to be determined at trial, within the jurisdictional limits of the Court." *Id.* Plaintiff alleges within the cause of action that, "[f]or purposes of this Cause of Action, Resolute is **not** the agent of OneBeacon." *Id.* (emphasis in original).

Plaintiff also alleges specific facts regarding Resolute's alleged tortious interference, including that, "[a]s a wholly-owned subsidiary of National Indemnity Company, Resolute has 'handled' OneBeacon claims in a manner whose sole purpose is to delay payment of millions of dollars, so that its parent National Indemnity Company would not have to pay out some of their reinsurance funds owed for OneBeacon losses"; that, "[a]fter Resolute assumed management and control of OneBeacon's obligations to its policyholders, including Celanese, OneBeacon stopped making timely or complete agreed upon payments to Celanese"; and that "Resolute has tortiously interfered with Celanese's rights under the Liability Insurance Policies or, alternatively has, as the agent for OneBeacon, caused or induced the breach of these agreements by OneBeacon, for the sole benefit of Resolute, its owner and affiliates, including (without limitation) National Indemnity Company and ultimate parent Berkshire Hathaway, Inc." *Id.* at 8 of 38.

Defendants do not contend that Plaintiff's pleading fails to provide them fair notice of the claim against Resolute. Rather, Defendants assert that Plaintiff has no possibility of recovery against Resolute on the claim under Texas law because "under

the doctrine of collateral estoppel Resolute is an agent of OneBeacon." Dkt. No. 1 at 11 of 21; *see also id.* at 14-15 of 21, 18-19 of 21.

The undersigned does not agree that this suffices to demonstrate improper joinder and defeat Plaintiff's Motion to Remand.

"To recover for tortious interference, a plaintiff must demonstrate: (1) the existence of a contract, (2) willful and intentional interference with the contract, (3) actual damage or loss, and (4) proximate causation." *Denson*, 2015 WL 2446720, at *2; *accord Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 402 (5th Cir. 2013). And the Texas Supreme Court has made clear that, "[t]o show that an agent has interfered with his or her principal's contract, the plaintiff must prove the agent acted solely in furtherance of [his or her] personal interests so as to preserve the logically necessary rule that a party cannot tortiously interfere with its own contract"; that "agents are not liable for tortious interference with their principals' contracts merely because they have mixed motives to benefit both themselves and their principals"; and that "the plaintiff meets his or her burden by proving the agent acted so contrary to the corporation's interests that his or her actions could only have been motivated by personal interest." *Latch v. Gratty, Inc.*, 107 S.W.3d 543, 545 (Tex. 2003); *accord Mumfrey*, 719 F.3d at 402-03 ("To maintain a tortious interference suit against a corporate agent or representative, a plaintiff must show that the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense. Even an agent's mixed motives – benefitting himself and the corporation – are

-9-

insufficient." (citations omitted)); *see also Lexxus Intern., Inc. v. Loghry*, 512 F. Supp. 2d 647, 669-70 (N.D. Tex. 2007).

Plaintiff here has alleged that Resolute was not acting as OneBeacon's agent in connection with its alleged tortious interference and that Resolute willfully and purposefully induced OneBeacon materially to breach for Resolute's sole benefit and contrary to OneBeacon's interests. *See* Dkt. No. 1-1 at 8 of 38, 10 of 38. And Plaintiff pleaded in the alternative that, even if Resolute was acting as OneBeacon's agent, Resolute acted for its sole benefit. *See id.* at 8 of 38. This alternative pleading is permissible under Texas rules of procedure. *See generally Low v. Henry*, 221 S.W.3d 609, 615 (Tex. 2007).

In opposition to Plaintiff's Motion to Remand, Defendants assert that, although Plaintiff pleads, "as it must, that Resolute was not an agent of OneBeacon," "this issue has already been litigated and decided against Celanese" and that, "[b]ecause Texas law prohibits tortious interference claims against agents in all but a narrow group of exceptions, none of which can exist here, Celanese is barred by the collateral estoppel doctrine from relitigating its tortious interference claim." Dkt. No. 14 at 5 of 15. Defendants contend that, in a 2006 Massachusetts lawsuit, "Celanese also brought claims against Resolute, alleging, among other things, that it had tortiously interfered with contractual relations between OneBeacon and Celanese" and that "[t]his particular issue was tried to a special jury verdict, in which a jury determined that Resolute, as a third party administrator, is an agent of OneBeacon and at all times

acted within the scope of that agency, and not maliciously, and thus did not tortiously interfere in the contractual relations between insured and insurer." *Id.* at 6 of 15.

Defendants assert that collateral estoppel precludes any reasonable possibility of recovery against Resolute in this case where Plaintiff, "after eight years of litigation in Massachusetts over *defense* related obligations under the OneBeacon Policies and related agreements, ... filed suit against OneBeacon in Texas state court relating to OneBeacon's *indemnity* obligations under the very same OneBeacon Policies." *Id.* at 6-7 of 15 (emphasis in original). Defendants argue that, where the Massachusetts jury "found that Resolute is an agent of OneBeacon and that, in handling the very same liability claims that are the subject of this litigation, it 'acted within the scope of its agency, and not maliciously,'" "[t]he question of agency is thus long since resolved and Celanese has no viable claim of tortious interference to use to elude federal court jurisdiction." *Id.* at 9 of 15 (quoting *Celanese Corp. v. OneBeacon Am. Ins. Co., et al.,* No. 06-1625-BLS2, at *6 (Mass. Super. Ct. 2009)). Defendants contend that, "[a]s third party administrator for OneBeacon, Resolute handles all claims under the OneBeacon policies – both defense and indemnity"; that "Celanese seeks to create an artificial division between Resolute's handling of defense claims and its handling of indemnity claims"; that "[b]oth functions stem from the same insurance contracts, which is how tortious interference is measured"; that "[t]he bodily injury lawsuits for which Celanese presently seeks indemnity are the same lawsuits for which it sought defense in the 2006 Massachusetts Action"; and that "[t]he fact that Resolute's involvement in the

insurance contracts between OneBeacon and Celanese was as OneBeacon's agent has been decided," such that "the collateral estoppel doctrine applies." *Id.* at 10 of 15.

Defendants bear a heavy burden to demonstrate that there is no possibility of Plaintiff's recovery against Resolute – that is, that there is no reasonable basis to predict that Plaintiff might be able to recover against Resolute in state court. *See Smallwood*, 385 F.3d at 573, 576. The Court's task on an improper-joinder analysis is only to determine whether Defendants have met their heavy burden of showing there is no possibility of recovery against Resolute, not to resolve the merits of Plaintiff's case. *See Smallwood*, 385 F.3d at 573, 575. In so doing, the Court evaluates all of Plaintiff's factual allegations in its state-court petition in the light most favorable to Plaintiff, resolves all contested issues of substantive fact in Plaintiff's favor, and resolves all uncertainties in the relevant state law in Plaintiff's favor. *See Cavallini*, 44 F.3d at 260 n.8, 264.

Defendants' argument against remand assumes that a Massachusetts jury's finding that "Resolute proved by a preponderance of the evidence that, as an agent of OneBeacon for purposes of administering Celanese's claims for reimbursement of defense costs under the OneBeacon insurance policies, the 1998 Cost Sharing Agreement, and the Photo Resist Agreement, Resolute acted within the scope of its agency, and not maliciously," Dkt. No. 1-13 at 7 of 9, is enough to doom Plaintiff's Texas state-law tortious-interference claim here as a matter of law. But, even assuming without deciding that Defendants could establish collateral estoppel on the matter of agency and that such a determination could properly be made in this

improper-joinder context, that is not enough to foreclose any reasonable possibility of Plaintiff's recovery against Resolute on the tortious-interference claim under Texas law. The Texas Supreme Court specifically rejected any rule that an agent's "authority to act on behalf of the [principal] is the dispositive inquiry," where such a rule "would effectively abrogate the tortious interference cause of action and confer blanket immunity anytime an agent acts within the scope of the agent's general authority and regardless of whether the agent is exclusively pursuing his personal interests." *Holloway*, 898 S.W.2d at 797; *accord Jackson v. Dole Fresh Fruit Co.*, 921 F. Supp. 454, 458 & n.4 (S.D. Tex. 1996).

And, even assuming the Court properly can and should determine that the Massachusetts jury's finding as to Resolute's conduct in connection with Plaintiff's claims for reimbursement of defense costs bars relitigation of the issue of whether Resolute was OneBeacon's agent and acting within the scope of its authority for purposes of Plaintiff's claim here, Defendants make no effort to explain how the jury's finding that Resolute was not acting "maliciously" in connection with the claim in that case conclusively resolves – and bars any reasonable possibility of Plaintiff's prevailing in this case on – the question of whether, as Plaintiff alleges, Resolute was for purposes of the claim here acting for its sole benefit and contrary to OneBeacon's interests. *See, e.g.*, Dkt. No. 14 at 10 of 15.

Defendants thus have not met their heavy burden to demonstrate that Plaintiff cannot possibly recover against Resolute on its allegations, including that, even if Resolute was OneBeacon's agent, Resolute willfully and purposefully induced

-13-

OneBeacon materially to breach for Resolute's sole benefit and contrary to OneBeacon's interests. *See* Dkt. No. 1-1 at 8 of 38, 10 of 38. Because Resolute is not improperly joined as a defendant, complete diversity of citizenship does not exist, and the Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332 and should grant Plaintiff's Motion to Remand [Dkt. No. 5].

<u>28 U.S.C. § 1447(c) Award of Expenses</u>

Plaintiff also asserts that it "may recover its 'just costs and any actual expenses, including attorney fees, incurred as a result of the removal' if the Court rules the case should be remanded to the state court," pursuant to 28 U.S.C. § 1447(c)," and "respectfully requests its just costs and expenses incurred as a result of Defendants' Removal because the Removal was unjustified based on the allegations in Celanese's Petition and Texas law," where, "[h]aving already been the subject of a judgment for its wrongful claims handling practices separate and apart from its purported 'principal,' Celanese respectfully asserts that Resolute Management had no rational basis for asking this Court to ignore the pleadings, ignore the facts, and find Celanese could never possibly recover against Resolute Management," such that "an award of costs in favor of Celanese incurred as a result of this frivolous removal." Dkt. No. 5 at 23-24 of 25.

Defendants respond that, "[e]ven if this Court were to remand the instant matter to state court, assessment of costs is unwarranted"; that "[a]ssessment of costs, including attorney's fees, is appropriate only where there exists no objectively reasonable basis for the removing party to have acted"; that, "[i]n the instant matter,

there clearly exists an objectively reasonable basis for removal" where "Celanese, privy to the 2006 Massachusetts Action as a litigant is well aware of the agency relationship between Resolute and OneBeacon as it relates to the very insurance agreements that are at issue in this case," where, "[d]espite trying and losing this issue previously, and acknowledging such agency relationship throughout its Petition, Celanese still brought a single Count against Resolute for tortious interference in hopes of evading federal jurisdiction," and where, "[b]ased on the jury finding in the 2006 Massachusetts Action, the Defendants had an objectively reasonable basis to remove this matter to federal court." Dkt. No. 14 at 13-14 of 15.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Defendants' Notice of Removal cites and quotes the same Texas Supreme Court decision (*Latch v. Gratty, Inc.*) that the undersigned quotes above and that makes clear that a tortious-interference claim does not fail simply because it is brought against a contracting party's agent. *See* Dkt. No. 1 at 11 of 21. Defendants nevertheless removed this case based only on the assertion that Resolute was improperly joined because it was previously found to be OneBeacon's agent and to have acted within the scope of its agency and not maliciously. *See* No. 1 at 11 of 21, 14-15 of 21, 18-19 of 21.

The undersigned concludes that there was no objectively reasonable grounds for Defendants to believe the removal was legally proper at the time of removal based on Plaintiff's allegations in its petition when measured against Texas law on tortious-interference claims against agents of a contracting party and the Fifth Circuit's improper-joinder standards. *See Doe v. Episcopal Sch. of Dallas, Inc.*, No. 3:11-cv-1058-L, 2011 WL 2601506, at 8 (N.D. Tex. June 30, 2011) ("The court has exhaustively examined and explained why federal question jurisdiction does not exist. In doing so, the court relied on well-established precedent of the Supreme Court and Fifth Circuit regarding the jurisdiction of federal courts; and no novel theories of law were advanced by ESD that would reasonably justify an expansion of existing precedent. No legal basis existed to remove this action. The court therefore determines that ESD had no objectively reasonable grounds to believe that removal was legally proper."). The undersigned therefore concludes that the removal to this Court was objectively unreasonable and that Plaintiff is entitled to an award from Defendants OneBeacon

-16-

America Insurance Company and Resolute Management, Inc. of Plaintiff's reasonable attorneys' fees and costs expended in obtaining a remand of this action.

Plaintiff must provide documentation to show the amount that it seeks in attorneys' fees and expenses and that that amount is reasonable. But "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437. The Court therefore should strongly urge the parties to reach an agreement regarding attorneys' fees and costs and, if an agreement cannot be reached, to require Plaintiff to file any motion for attorneys' fees and expenses by a date certain.

## Recommendation

The Court should conclude that, because Defendants OneBeacon America Insurance Company and Resolute Management, Inc. have failed to meet their heavy burden to show that Resolute Management, Inc. is an improperly joined defendant, complete diversity of citizenship is lacking and the Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332; the Court should grant Plaintiff's Motion to Remand [Dkt. No. 5]; and the Court should remand the case to the 68th District Court, Dallas County, Texas from which it was removed. The Court should further conclude that the removal to this Court was objectively unreasonable and that Plaintiff Celanese Corporation is entitled to an award from Defendants OneBeacon America Insurance Company and Resolute Management, Inc. under 28 U.S.C. § 1447(c) of Plaintiff's reasonable attorneys' fees and costs expended in obtaining a remand of this action and should order that the parties are strongly urged to reach an agreement regarding attorneys' fees and costs and that, if an agreement cannot be reached,

Plaintiff is required to file any motion for attorneys' fees and expenses by a date to be set by the Court's order adopting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 27, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-18-