IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CELANESE CORPORATION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-3985-L** |
| | § | |
| **ONEBEACON AMERICA INSURANCE,** | § | |
| **COMPANY AND RESOLUTE** | § | |
| **MANAGEMENT, INC.,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 5), filed December 1, 2014. On May 27, 2015, Magistrate Judge David L. Horan entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 23), recommending that the court grant Plaintiff's Motion to Remand and grant Plaintiff's request for reasonable attorney's fees and costs incurred as a result of the improper removal. On June 10, 2015, Defendants filed objections to the Report, to which Plaintiff responded. Defendants contend, essentially for the same reasons set forth in their response to Plaintiff's Motion to Remand, that the motion should be denied. Defendants further contend that, even if the case is remanded, Plaintiff should not be allowed to recover attorney's fees and costs because Defendants had an objectively reasonable basis for removing the action to federal court. The court disagrees.

Having reviewed the motion, briefs, pleadings, file, record, Report, applicable law, Defendants' objections to the Report, and Plaintiff's response to the objections, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of

the court.  No claim or remedy can be foreclosed by conduct that occurs postverdict.  Moreover, the issue of whether a party acted with malice is not necessarily synonymous with the issue of whether the party acted for its sole benefit or willfully.  The court therefore concludes that Defendants' basis for removing this case to federal court was not objectively or subjectively reasonable.

Accordingly, the court **overrules** Defendant's objections; **grants** Plaintiff's Motion to Remand (Doc. 5); **grants** Plaintiff's request for attorney's fees and costs; and **remands** this action to the 68th District Court, Dallas County, Texas, from which it was removed.  The clerk of the court **shall** effect the remand in accordance with the usual procedure. If Plaintiff wishes to pursue its request to recover reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), and the parties are unable to reach agreement regarding the amount of attorney's fees and costs, Plaintiff must file a fee application with supporting documentation for the court's consideration by **July 9, 2015.**  *The parties are strongly admonished to reach agreement on the amount of attorney's fees, as "[a] request for attorney's fees should not result in a second major litigation."* Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (emphasis added).

**It is so ordered** this 25th day of June, 2015.

*[signature]*
Sam A. Lindsay
United States District Judge